**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000604
28-MAY-2025
07:49 AM
Dkt. 55 SO**

NO. CAAP-22-0000604

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

IN THE INTEREST OF G.M.

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-J NO. 0117290)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Wadsworth, and Nakasone, JJ.)

Minor-Appellant GM appeals from the August 17, 2022 Order Denying Motion for Reconsideration (**Order Denying Reconsideration**), the July 27, 2022 Decree re: Law Violation Petition(s) (**Decree**), and challenges the November 18, 2022 Amended Findings of Fact and Conclusions of Law (**Amended FOFs/COLs**), which were entered by the Family Court of the First Circuit (**Family Court**) in favor of the State of Hawaiʻi (**State**).[1]

On October 4, 2021, the State filed a Petition by Deputy Prosecuting Attorney (**Petition**) alleging that GM committed the offense of Robbery in the Second Degree in violation of Hawaii Revised Statutes (**HRS**) § 708-841(1)(a) (2014) (**Robbery**

---

[1] The Honorable Natasha R. Shaw presided.

**Second**).[2]  After a trial, the Family Court found that the State proved each element of Robbery Second beyond a reasonable doubt and adjudicated GM as a law violator.  GM filed a Motion for Reconsideration, arguing that the Family Court erred in finding GM guilty of Robbery Second because JD's testimony exonerated GM.[3]  At the hearing on the motion, GM made the additional argument that the State had not presented sufficient evidence that he was an accomplice because although GM was present, "he did not take any steps or any conduct which would have assisted [Gia and Sam] in committing the offense of robbery."  The Family Court denied the Motion for Reconsideration, upholding its finding that GM was an accomplice to the robbery.

GM raises a single point of error on appeal, contending that the evidence was insufficient to support the Family Court's conclusion that GM was an accomplice to robbery and its finding

---

[2]     HRS § 708-841 provides as follows:

> **§ 708-841  Robbery in the second degree**.  (1) A person commits the offense of robbery in the second degree if, in the course of committing theft or non-consensual taking of a motor vehicle:
>
>    (a)    The person uses force against the person of anyone present with the intent to overcome that person's physical resistance or physical power of resistance;
>
>    (b)    The person threatens the imminent use of force against the person of anyone who is present with intent to compel acquiescence to the taking of or escaping with the property; or
>
>    (c)    The person recklessly inflicts serious bodily injury upon another.
>
>    (2)    Robbery in the second degree is a class B felony.

[3]     As this case involves multiple minors, and in some instances last names are not in the record, initials or first names are used.

that he was a law violator. GM challenges FOFs 43 and 47, as well as COLs 52 and 53, in conjunction with this argument.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve GM's point of error as follows:

GM argues that even in the light most favorable to the State, the evidence presented at trial was insufficient for the Family Court to conclude that GM was an accomplice to the robbery because he neither aided Gia's robbery of JD nor did he attempt to do so. GM points to the fact that when Gia punched JD off the hoverboard and patted down his pockets, GM's attention was focused on CG, and he did not demand JD's property, and he did not tell JD that if he were to attempt to retrieve his property, they would mob him.

HRS § 702-222 (2014) provides:

> **§ 702-222  Liability for conduct of another; complicity.**  A person is an accomplice of another person in the commission of an offense if:
>
> (1)   With the intention of promoting or facilitating the commission of the offense, the person:
>
> (a)   Solicits the other person to commit it;
>
> (b)    Aids or agrees or attempts to aid the other person in planning or committing it; or
>
> (c)   Having a legal duty to prevent the commission of the offense, fails to make reasonable effort so to do; or
>
> (2)    The person's conduct is expressly declared by law to establish the person's complicity.

"Mere presence at the scene of an offense or knowledge that an offense is being committed, without more, does not make a person an accomplice to that offense."  State v. Acker, 133

Hawaiʻi 253, 286, 327 P.3d 931, 964 (2014); State v. Yabusaki, 58 Haw. 404, 408, 570 P.2d 844, 846-47 (1977). "The amount of aid given need not be much, 'so long as it was offered to the principal to assist [them] in committing or attempting to commit the crime.'" State v. Kauwe, No. 27751, 2009 WL 5083858, *1 (Haw. App. Dec. 28, 2009) (SDO) (citation omitted). We have previously determined that there was substantial evidence to support a defendant's conviction as an accomplice to Robbery Second when the complaining witness testified that the defendant and the principal both attacked him, and that the principal took the complaining witness's watch. State v. Pulliam, CAAP-21-0000678, 2024 WL 304007, *4 (Haw. App. Jan. 26, 2024) (SDO).

Here, JD testified that GM was among the group that surrounded him and that GM pushed him twice before Gia punched him and took his property. While JD was being robbed, GM assaulted JD's friend, CG. GM stood with Sam when Sam warned JD that "they" would "mob" JD if he tried to get his things back. There is no evidence that GM tried to disassociate himself from this action. GM argues that when he pushed JD, he did so in an attempt to find out CG's whereabouts and to retaliate against JD for lying to him, not to facilitate the robbery. However, viewing the evidence in the light most favorable to the State, there was sufficient evidence to support the Family Court's finding that GM was more than merely present, but rather he intended to aid Gia and Sam in committing the robbery.

For these reasons, we conclude that the Family Court did not err in determining that GM was an accomplice to the robbery.

Therefore, the August 17, 2022 Order Denying Reconsideration, the July 27, 2022 Decree, and the November 18, 2022 Amended FOFs/COLs are affirmed.

DATED: Honolulu, Hawaiʻi, May 28, 2025.

On the briefs:

William K. Li,
for Minor-Appellant.

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge